UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Stephen Fryer, Sr.

   v.                                            Civil No. 15-cv-106-JD
                                              Opinion No. 2015 DNH 095
B of A and PHH Mortgage Services


O R D E R

    Stephen Fryer, Sr., proceeding pro se, brought suit in state court to stop the foreclosure sale of property mortgaged by his late father-in-law and his mother-in-law and to modify the mortgage loan on the property.  PHH Mortgage Corporation removed the action to this court and now moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Fryer did not respond to the motion to dismiss.

Standard of Review

    Under Rule 12(b)(6), the court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in [the plaintiff's] favor" to determine whether the complaint states a "plausible claim."  Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014).  The

---

[1] PHH represents that its correct name is PHH Mortgage Corporation.  The other defendant is named only as "B of A."  No appearance has been filed on behalf of B of A, and the record does not show whether B of A has been served.

plausibility standard requires more than conclusory statements, "a formulaic recitation of the elements of the cause of action," and "naked assertions" without "factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible if the factual allegations in the complaint, taken as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Background

Fryer's complaint, filed in state court, is a completed form titled "Complaint to Enjoin Foreclosure Sale." On the form, Fryer identifies the location of the property subject to foreclosure as 6 Kevin Lane, Jaffrey, New Hampshire, 03452. He states that the foreclosure sale was scheduled for February 25, 2015. Fryer also describes efforts he made to keep current on the mortgage obligations and to work out a payment arrangement with the defendant.

The mortgage on the property at 6 Kevin Lane in Jaffrey was signed on April 25, 2003, by Elaine and Ronald Rondeau, who are Fryer's parents-in-law, and the lender was Fleet Bank. The mortgage loan was modified by agreements signed by Ronald and Elaine Rondeau in 2005 and 2011. The mortgage was assigned several times, most recently from Federal National Mortgage Association to PHH Mortgage Corporation.

In the space on the complaint form for giving the reasons for the court to enjoin the foreclosure sale, Fryer states that "PHH and B of A have not acted responsibly or fairly." He further states that PHH and B of A ignored hundreds of attempts to contact them; that Ronald Rondeau, his wife's father and the mortgagor, died on November 1, 2013; that PHH and B of A refused payments and all contact; that Fryer and his family have invested $200,000 in improving the property; and the "mortgage has not ammortized." To support an ex parte injunction, Fryer explained that without the house his family would be homeless, that the attorney for the defendant refused all contact, and that "this is a predatory action and the Plaintiff has suffered for 11 yrs at the hand of PHH."

The state court temporarily enjoined the foreclosure sale that was scheduled in February, and Fryer was ordered to complete service on PHH by March 30, 2015. PHH removed the case to this court on March 26, 2015. On April 2, 2015, Fryer moved to enjoin the foreclosure sale that was scheduled for that day. Because of the circumstances, a deputy clerk contacted the law firm representing PHH and spoke to Chris Heffernan at the firm about the motion to enjoin the foreclosure sale. Heffernan represented that the foreclosure sale had been rescheduled to June 2, 2015, but that notice had not yet been provided to

Fryer.  Based on those representations, the court terminated the motion to enjoin the foreclosure sale as moot.

## Discussion

PHH moves to dismiss all claims against it on the grounds that Fryer lacks standing to bring claims based on the mortgage because he is not a party to the mortgage.  To the extent Fryer intended to allege that PHH breached the terms of the mortgage or breached subsequent mortgage modification agreements, Fryer lacks standing to bring those claims because he does not allege facts to show that he is a party to the mortgage or a third-party beneficiary of the mortgage.  See Brooks v. Trustees of Dartmouth College, 161 N.H. 685, 900-01 (2011).  Fryer's statements on the complaint form do not allege any recognizable claim.  Therefore, PHH's motion to dismiss is granted.

At this early stage of the case, however, and in light of Fryer's pro se status, it is appropriate to give him an opportunity to file an amended complaint to state actionable claims, if any can be alleged.  See Fed. R. Civ. P. 15(a)(2); Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013).  If Fryer does choose to file an amended complaint, he should clarify whether his claim or claims are brought against PHH alone or whether he also intends to allege

4


claims against another defendant. He must also allege sufficient facts to support his claims.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 9) is granted, without prejudice to filing an amended complaint.

The plaintiff is granted an opportunity to file an amended complaint **on or before June 1, 2015**. If an amended complaint is not filed within the time allowed, the court will enter judgment and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

May 11, 2015

cc: Stephen F. Fryer, pro se
John S. McNicholas, Esq.