```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Stephen Fryer, Sr.

    v.                                        Civil No. 15-cv-106-JD

B of A and PHH Mortgage Services     Opinion No. 2015 DNH 137

O R D E R

    Stephen Fryer, Sr., proceeding pro se, brought suit in state court to stop a foreclosure sale and to modify the mortgage loan on the property.  PHH Mortgage Corporation removed the action to this court.[1]  The court previously granted PHH's motion to dismiss the claims, without prejudice to Fryer to file an amended complaint by June 1, 2015, alleging actionable claims.  On June 1, Fryer filed an amended motion for a permanent injunction against PHH.  In response, PHH moved to strike or dismiss the amended motion.  Fryer did not respond to the motion to dismiss or strike the motion.

    The court instructed Fryer in the previous order that if he filed an amended complaint he should clarify whether he intended to bring claims against only PHH or whether he intended to allege claims against any other defendant.  In the amended

---

[1] PHH represents that its correct name is PHH Mortgage Corporation.

motion for an injunction, Fryer names only PHH as the defendant. The court, therefore, concludes that PHH is the only defendant.

## Discussion

PHH contends that the amended motion for a permanent injunction should be struck because it is not an amended complaint and because "it reads more like a motion for reconsideration than anything else." Because Fryer is pro se, the title of his pleading will not be deemed to preclude its filing. Whether the motion states a cognizable claim is determined in the context of Federal Rule of Civil Procedure 12(b)(6), not Rule 12(h).

To avoid dismissal under Rule 12(b)(6), a plaintiff "must set forth sufficient factual matter to state a claim for relief that is plausible on its face." Lister v. Bank of Am., N.A., --- F. 3d ---, 2015 WL 3635282, at *2 (1st Cir. June 12, 2015). In assessing the complaint, the court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in [the plaintiff's] favor." Lydon v. Local 103, 770 F.3d 48, 53 (1st Cir. 2014). Conclusory legal allegations are not credited in determining the sufficiency of the complaint. Cardigan Mountain School v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015).

2

In the previous order that granted PHH's motion to dismiss, the court summarized the allegations Fryer made, which were presented on a printed complaint form, and the history of the case up to that time. Fryer had alleged that Elaine and Ronald Rondeau, his parents-in-law, entered into a mortgage on their property at 6 Kevin Lane in Jaffrey, New Hampshire, in 2003, and that the mortgage loan was modified in 2005 and 2011. As grounds for enjoining the foreclosure sale of the property, Fryer stated that PHH had not acted responsibly or fairly. The court granted PHH's motion to dismiss because Fryer had not alleged facts showing that he had standing to challenge the foreclosure sale of the property and because his allegations did not allege any recognizable claim.

Fryer alleges in the amended motion that certain documents submitted with the motion show that he is a party to the mortgage and that he owns the mortgaged property. He also alleges that issues with the mortgage have been going on for years, that he and the "ERC Trust" have made payments to PHH, and that the mortgage was never reinstated, which lead to the foreclosure proceedings. Fryer contends that the mortgage is "in trouble due to negligence and unfair practices create [sic] by the Defendant itself." PHH contends that the amended motion fails to state a claim because Fryer lacks standing to challenge

3

the foreclosure proceedings, because the Rondeaus did not comply with the terms of the 2011 mortgage modification, and because the purported conveyance of the property to Fryer without consideration was a fraudulent conveyance.

As the court explained in the prior order, in order to challenge PHH's actions under the mortgage agreement and the subsequent mortgage modification agreements, Fryer must be a party to those agreements or a third-party beneficiary of them. See Brooks v. Trustees of Dartmouth College, 161 N.H. 685, 697 (2011). Fryer was not a party to the mortgage or to the subsequent modification agreements, and the documents he submitted with the amended motion do not show otherwise.[2] Instead, Fryer asserts that he owns the mortgaged property and has made payments for the Rondeaus to reinstate the mortgage. PHH contends that because the Rondeaus conveyed the property to Fryer by a quitclaim deed without consideration, the conveyance was fraudulent as the mortgage was delinquent at the time of the conveyance.

---

[2] The documents Fryer submitted are a letter to him from PHH, dated May 28, 2015, that notified him that the foreclosure sale was postponed and referenced documents for a loan modification, a quitclaim deed from the Rondeaus to Fryer and his wife, and a tax assessment document listing the Fryers as owners of the property.

A third-party beneficiary of an agreement is a non-party who may sue to enforce the agreement because the parties to the agreement intended him to have that right. Brooks, 161 N.H. at 697. "A third-party beneficiary relationship exists if: (1) the contract calls for a performance by the promisor, which will satisfy some obligation owned by the promissee to the third party; or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promissee as one of the motivating causes of his making the contract." Id. "Ordinarily a person's entitlement to sue to enforce a contract to which she's not a party must be expressed in the contract rather than implied." Id. at 698.

Fryer is not mentioned in the mortgage agreement or the subsequent loan modification agreements. Nothing in those agreements suggest that Fryer was intended to be a third-party beneficiary. Further, although the Rondeaus had signed the quitclaim deed to Fryer before they signed the second modification agreement in 2011, the 2011 modification agreement does not state that Fryer owned the mortgaged property or include Fryer as a party.

Under these circumstances, the amended motion along with the documents of record show that Fryer is neither a party to

the mortgage agreements nor a third-party beneficiary of them. Therefore, Fryer lacks standing to seek an injunction to stop PHH from foreclosing pursuant to the terms of the mortgage agreements.  Fryer has not stated any new claim or made allegations to support a cognizable claim in the amended motion.

## Conclusion

For the foregoing reasons, the defendant's motion to strike or dismiss (document no. 15) is granted to the extent that the case is dismissed because the plaintiff lacks standing to bring claims against the defendant.  The plaintiff's amended motion (document no. 13) is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

July 16, 2015

cc:   Stephen F. Fryer, pro se
      John S. McNicholas, Esq.
      Walter H. Porr, Jr., Esq.